| 101 | 355 |
| 101 | 358 |
| 101 | 355 |
| 117 | 429 |
| 101 | 355 |
| 142 | 325 |

## JOSEPH GAMBS AND CHARLES DANIELS v. THE ESTATE OF CHARLES H. SUTHERLAND, DECEASED.

*Sale—Illegal use of goods—Intoxicating liquors—Action for purchase price—Practice in Supreme Court.*

1. Mere knowledge on the part of a brewing company that a purchaser of beer is conducting business in his brother's name, when in fact the business is his own, will not prevent a recovery of the value of the beer.[1]
2. The appellate court will not go outside the findings of fact, and draw inferences from circumstances, for the purpose of establishing error, no exceptions having been taken to refusals to find.

Case made from Benzie. (Aldrich, J.) Argued February 15, 1894. Decided July 5, 1894.

Appeal from the allowance of a claim against the estate of the decedent. Defendant assigns error. Affirmed. The facts are stated in the opinion.

---

[1] The right to recover the price of property sold for unlawful use is the subject of an extensive note to *Graves v. Johnson*, 15 L. R. A. 834.

And see *Brewing Co. v. Wall*, 98 Mich. 158, and cases cited.

*Manly C. Dodge,* for appellant.

*D. G. F. Warner,* for claimants.

MONTGOMERY, J.   This is a claim filed against the estate of Charles H. Sutherland for beer claimed to have been furnished to Sutherland in his lifetime.

It appears from the case made that, for several years prior to the year 1888, Charles H. Sutherland had carried on a saloon business in the village of Frankfort, in his own name; that for some time prior to June, 1888, his brother, George Sutherland, had been employed by him in the business; that in that month Charles and George, in order to enable Charles to furnish the liquor bond required by law, made an arrangement by which the saloon business should be carried on in the year 1888 in the name of George Sutherland.   To carry out this arrangement, Charles executed and delivered to George a bill of sale of the saloon outfit, excepting the liquors.   An inventory was taken, the tax was paid by George Sutherland, and a bond in the sum of $3,000 was given and approved, George Sutherland appearing as principal, and Charles as surety.   George continued to work in the saloon. as bartender, for $2 a day and his house rent.   The business continued to belong to Charles, and he furnished all the capital, and received all the profits of the business.   Charles kept the books of account, wrote all the letters relating to the business, and looked after the business generally, but everything was done in the name of George.   George did nothing in the business, except waiting on customers.   The claimants sold beer, which was shipped to "Sutherland," and knew of the fact that the business was being conducted in George's name, and also that the business was in fact that of Charles H. Sutherland.

Under the circumstances, it cannot be doubted that Charles H. Sutherland, who was the actual owner of the

business, and who had the property and the proceeds of it, is in law liable to pay for the goods, unless the claimants have been connected with an illegal transaction in such a way as to preclude recovery by them, on grounds of public policy. Does the evasion of some of the terms. of the liquor law (see sections 1, 4, and 8 of the act, 3 How. Stat. p. 3181 *et seq.*) constitute an offense, under the facts found in the present case? We think not. The date when the claimants or their agent learned that the business was being conducted in the name of George Sutherland, while it was in fact that of Charles H. Sutherland, is not definitely fixed, nor is there any affirmative finding that the claimants did any act with the purpose of aiding in the evasion of the law. The case comes within the ruling in *Webber v. Donnelly*, 33 Mich. 469, where it was held that mere knowledge on the part of the vendor that the vendee of the goods is engaged in an illegal business will not prevent a recovery of the value of the property, if there be no act done by the vendor in furtherance of the attempted illegal transaction. It may perhaps be admitted that there are circumstances in the present case from which an inference might be drawn that the claimants were guilty of some participation in the attempt to defeat the statute, but we cannot draw inferences of fact from the testimony, for the purpose of establishing error. The proper practice would have been to have the findings cover the point, or, if the circuit judge should refuse to find in accordance with the testimony, to except to such refusal, and thus raise the question as to whether the evidence called for a finding of facts in accordance with the claim of the defendant. Unless we go outside of the findings, and draw inferences from circumstances, which might or might not be justified, error does not affirmatively appear.

The judgment will be affirmed, with costs.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.