CHAMBERLIN v. FISHER.

1. SALES—PURCHASE FOR ILLEGAL USE—KNOWLEDGE OF SELLER—
   RECOVERY OF PRICE.
   Mere knowledge by a distiller that purchasers of liquor were
   conducting a saloon business in the name of one partner
   to deceive the public officers, the other partner acting as
   bondsman, will not prevent a recovery of the purchase price,
   where he does no affirmative act in furtherance of the evasion.

2. PARTNERSHIP—EVIDENCE—DECLARATIONS OF ALLEGED PARTNERS.
   The declarations of both defendants sued as partners, made at
   different times, are competent to show the existence of a
   partnership as against the person making them.

Error to Livingston; Smith, J. Submitted June 7,
1898. Decided June 28, 1898.

*Assumpsit* by Marvin H. Chamberlin and others, co-
partners as M. H. Chamberlin & Co., against Daniel
Fisher and Oscar D. Weller, for goods sold and delivered.
From a judgment for plaintiffs, defendants bring error.
Affirmed.

*Arthur E. Cole* and *William P. Van Winkle*, for
appellants.

*S. S. Abbott* and *A. G. Pitts*, for appellees.

MONTGOMERY, J. The plaintiffs are distillers. The de-
fendant Fisher is a saloon keeper at Fowlerville. Liquors
were sold and delivered by the plaintiffs to Fisher from
1895 to August, 1897, and on these sales a balance was
found by the jury to be due, amounting to $334.44. The
principal question in controversy on the trial was whether
the defendant Weller was a partner of Fisher in the busi-
ness. There was abundant testimony tending to show,
not only a holding out of Weller as a partner to plaintiffs'

agent, but a partnership in fact. The questions arising on this testimony were properly submitted to the jury, unless the contention of defendants that public policy forbids recovery is sound.

It appears that Weller's name did not appear in connection with the business as a principal, but that he acted as bondsman for Fisher. The contention is now made that, as the conduct of the business in the name of Fisher was calculated to deceive the public officers, a partnership cannot be said to have existed, as partnerships are confined to lawful business. This point does not appear to have been distinctly made by any request to charge; but, treating it as properly in the case, we think it cannot be sustained. The purchase of plaintiffs' goods by these two defendants jointly and as partners was lawful. It does not appear that the plaintiffs participated in any affirmative way in the evasion of the law by defendants, or, at the most, it does not appear conclusively that they did, and there was no request to submit any such question to the jury. Mere knowledge that the purchaser of goods is engaged in an unlawful business will not prevent recovery, if there be no affirmative act by the vendor in furtherance of the illegal transaction. *Webber* v. *Donnelly*, 33 Mich. 469; *Gambs* v. *Sutherland's Estate*, 101 Mich. 355.

But one other question requires special mention. The plaintiffs offered, as evidence of partnership in fact, the declarations of both the defendants, made at different times. It is claimed that this was not competent. The court carefully limited the use of this testimony, and instructed the jury that it could not be considered except as evidence against the defendant making the particular declaration. As thus limited, the testimony was competent. *Armstrong* v. *Potter*, 103 Mich. 409; *Edwards* v. *Tracy*, 62 Pa. St. 378; 1 Am. & Eng. Enc. Law (2d Ed.), 711.

We have examined the other assignments of error, and find none of them well grounded. The case appears to

have been very carefully tried by the circuit judge. The questions presented were submitted to the jury in a very clear charge.

The judgment will be affirmed, with costs.

The other Justices concurred.