BENSON v. BAWDEN.

1. CONTRACTS—ILLEGALITY—PURCHASE OF OFFICIAL INFLUENCE.

A contract by a postmaster of a post office of the third class, by which he agrees to remove the post office to a certain building and maintain it there during his term of office, in consideration of certain office fixtures, is illegal, as against public policy.

2. SAME—PARTIES IN PARI DELICTO.

The law will not aid either party to an illegal agreement, but will leave them where it finds them.

3. SAME—ASSIGNEE OF ILLEGAL CONTRACT.

The assignee of a party to an illegal contract cannot recover back property parted with by his assignor under the contract.

4. APPEAL AND ERROR — QUESTIONS CONSIDERED — QUESTION NOT RAISED BELOW.

In an action by the assignee of a party to an illegal contract to recover back property parted with under the contract, a claim in this court, not made below, that the sale of the property to him was a rescission of the contract, will not be considered.

5. SAME—WRONG REASON FOR CORRECT DECISION.

Where plaintiff in trover cannot exhibit his case without presenting an illegal contract, as to which the parties are in pari delicto, a judgment for defendant will not be reversed, though the verdict was directed for defendant on the ground that, under the contract, he had title to the property.

Error to Gogebic; Shepard, J., presiding. Submitted April 10, 1907. (Docket No. 44.) Decided October 4, 1907.

Trover by Signa M. Benson against Richard J. Bawden, Jr. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*C. F. Button*, for appellant.

*Herb M. Norris*, for appellee.

McALVAY, C. J. This is an action in trover brought by plaintiff to recover the value of certain chattels, being post-office furniture and fixtures. There appear to be no disputed facts in the case. In 1897 defendant had been appointed postmaster for the city of Bessemer by the proper authorities of the Federal government. This post office was one of the third class. Under defendant's predecessor, Levi S. Rice, it had been kept in what was known as the Bersbach block. Plaintiff's assignor, K. S. Markstrum Company, a corporation, desired to have this post office removed and located in the Picken building, in the city of Bessemer, near which it was conducting a general merchandise store. This company on July 30, 1897, purchased the property in dispute from Mr. Rice, the retiring postmaster, who, under its instruction, delivered the same to defendant. On the same date these chattels had been transferred to defendant by plaintiff's assignor under the following agreement:

"Bessemer, Mich., July 30th, 1897.
"This is to certify that for and in consideration of one dollar to me in hand paid, as agent and manager for the K. S. Markstrum Co., a corporation, I have this day sold and transferred to R. J. Bawden, Jr., all fixtures, paraphernalia, now belonging to and part of the post-office outfit of the Bessemer post office, and now in my custody and possession.
"The condition of this sale being as follows:
"The said R. J. Bawden, Jr., having been appointed postmaster of the city of Bessemer, State of Michigan, agrees and binds himself to remove the said post office to the building on Mary street and to the room formerly occupied as post office in the John Picken building, on said street, and to continue the maintenance, location and occupancy of said room in the said John Picken building as the post-office quarters for said city, for the term of four years from the first day of July, 1897, and to maintain said fixtures, for such post-office purposes, in as good condition as they now are, reasonable and unavoidable wear and tear excepted; when each and all of these conditions are fulfilled, and all here stipulated obligations complied with, said post-office fixtures become the uncon-

ditional property of the said R. J. Bawden, Jr., but otherwise they are and remain the property and purtenances of the said K. S. Markstrum Company, and be taken possession of by them any time the conditions as above agreed to are violated or denied.

"It is understood and agreed that if the said R. J. Bawden, Jr., should, by reason of change in the administration at Washington, or from any other cause not justly chargeable to his own negligence or misconduct, be removed from said postmastership before the four years as here stated expire, then such · failure to keep said office the stipulated four years will cause no failure in his right and title to said fixtures.

> "K. S. MARKSTRUM CO.,
> "By K. S. MARKSTRUM, Agent.
> "R. J. BAWDEN, Jr."

The post office was removed to the John Picken building and there maintained by defendant for the term of more than four years after July 1, 1897. Plaintiff derives title by sale from K. S. Markstrum Co., January 5, 1900. Demand for delivery of the property was made for her January 5, 1903, upon defendant who was in possession of it using it as postmaster.

The court at the request of defendant directed a verdict of not guilty, as follows:

"I charge you as a matter of law that it appears from the testimony, undisputed, that defendant in this case has purchased the property in dispute, and that it was his at the date of the alleged conversion. You will retire to your room and bring in a verdict of not guilty."

It is insisted that the court erred:

1. In admitting the contract in evidence.
2. In directing a verdict for defendant.

The objection to the admission of the contract was that it was against public policy and void on its face, and therefore incompetent. This postmaster had received property claimed now to be of the value of $800, for the sole purpose of securing the location of the post office at a certain place desired by plaintiff's assignor, and entered into an agreement in writing that he would do so, and maintain the

office there for four years. In case of a removal of a post office the Federal postal laws and regulations provide for an application to be made to the proper officer and division wherein "the postmaster must state * * * the distance and direction of the proposed site from the one occupied; whether such change is satisfactory to the patrons of his office, and whether the cost of transportation of the mails will be increased." Postal Laws and Regulations (1902), § 267, subd. 2. The postmaster must exercise his official judgment. He should be disinterested. That he may be hired to act in the interest of any individual is shocking to a decent sense of propriety.

No comment is necessary on our part to emphasize the fact that this agreement cannot be defended upon any theory. The plaintiff claims that such trafficking in official influence cannot be tolerated, and that an affirmance of the judgment would give all the postmasters in Michigan, in locating office sites, license to sell their official influence to the highest bidder. Defendant urges that if the contract was illegal the parties are in pari delicto and no recovery can be had. The court is able without difficulty to agree with both parties as to the illegality and viciousness of this transaction; but the regulation and supervision of such matters is for the consideration of the Federal authorities. It is well settled that the law will not aid either party to an illegal agreement. It leaves the parties where it finds them. Neither a court of law or equity will aid the one in enforcing it, or give damages for the breach of it, or set it aside at the suit of the other, or, when the agreement has been executed in whole or in part by the payment of money or the transfer of other property, lend its aid to recover it back. 9 Cyc. p. 546 et seq., and cases cited; *Walhier* v. *Weber*, 142 Mich., and cases cited on p. 325.

By this suit plaintiff is in effect asking the aid of the court to recover back property parted with under an illegal agreement. She is in no better position than her assignor and in asking the court for the value of the prop-

erty claimed to have been converted is unable to exhibit her case without presenting to the court the question of the illegality of this contract. It was no error for the court to admit the contract in evidence. *Walhier* v. *Weber*, 142 Mich. 322.

The claim of plaintiff that the sale to her by the K. S. Markstrum Co. was a rescission of this contract will not be considered, as it appears to be raised for the first time in this court.

These parties are equally in the wrong and the court will leave them where it finds them. The trial court in directing a verdict for defendant was not in error, although he gave a wrong reason for such action. The result was correct.

The judgment is affirmed.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.