In re SPRINGFIELD REALTY CO.

(District Court, E. D. Michigan, S. D. April 23, 1919.)

No. 3739.

1. COMMERCE ⬅40(1)—INTERSTATE COMMERCE—CONSTRUCTION OF CONTRACT.
   A contract by a foreign corporation to equip certain property located in Michigan with a system of automatic fire sprinklers, in accordance with specifications, but containing no provision as to where the materials or labor should be procured, does not involve interstate commerce, but is wholly intrastate in character.

2. COMMERCE ⬅16—INTERSTATE COMMERCE—CONSTRUCTION OF CONTRACT.
   Whether a particular contract is interstate or intrastate in character must be determined by a construction of the contract rather than by a consideration of the manner in which it has been performed by the parties.

3. CORPORATIONS ⬅657(3)—FOREIGN CORPORATIONS—VALIDITY OF CONTRACT.
   A contract by a foreign corporation that has not complied with the requirement of Comp. Laws Mich. 1915, § 9063, to entitle it to lawfully do business in that state, which calls for the carrying on of business therein, is void, although, not being made in the state, it escapes invalidity under a further provision of the statute.

4. BANKRUPTCY ⬅341—ALLOWANCE OF CLAIMS—RULES GOVERNING.
   In allowing or disallowing claims against estates in bankruptcy, the court is bound by the established rules of law and equity, and cannot arbitrarily exercise its power in their allowance or disallowance.

5. BANKRUPTCY ⬅314(3)—CLAIMS—ILLEGAL CONTRACT.
   A contract by a foreign corporation, which is illegal because the corporation failed to comply with the requirement of the state law to authorize it to do business in the state, cannot be made the basis of a claim in bankruptcy, on the ground that the estate had the benefit of its performance.

In Bankruptcy. In the matter of the Springfield Realty Company, bankrupt. On review of order of referee. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
257 F.—50

McNamara & Scallen, of Detroit, Mich., for petitioner.

Keena, Lightner, Oxtoby & Hanley, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition filed by the Phillips Company, a Wisconsin corporation (hereinafter called the claimant), one of the creditors of the bankrupt herein, a Michigan corporation, to review an order of the referee in bankruptcy for this division, dismissing the claim of such petitioner for work and labor furnished in installing a certain automatic fire sprinkler system on premises owned by the bankrupt in the state of Michigan. Prior to the filing of the bankruptcy petition herein, claimant had filed a mechanic's lien under the laws of Michigan. The real estate of the bankrupt, including these premises, was sold at a bankruptcy sale, under an order of this court, free and clear from all liens, such as this mechanic's lien; the latter being, so far as it might be valid and enforceable, transferred to the proceeds of such sale. Claimant now seeks to enforce this lien herein.

It is undisputed that the claimant is, and at the time of making the contract in question was, a Wisconsin corporation, and that it did not comply with the statutes of Michigan governing the right of such a corporation to do business here. The defense here urged is that the contract on which such lien depends was void, because it called for the doing of business in Michigan by a foreign corporation which had not obtained the necessary authority from the state of Michigan to do business therein.

By the terms of the contract in question the claimant agreed "to equip the property of the second party, located at Detroit, county of Wayne, state of Michigan," such property being therein specifically described, "with a system of automatic fire sprinklers as described and enumerated in the annexed specifications, with the exceptions noted, all material to be of the first class, and all work done in a workmanlike manner under the rules and regulations of, and in accordance with the plans approved by, Michigan inspection bureau, whose approval shall be conclusive and final as to the proper completion of the contract."

Claimant seeks to meet this defense by three different contentions as follows: (1) That the contract in question did not provide for the doing of intrastate business, but related to and constituted interstate commerce, and that, therefore, it was not within the prohibition of the Michigan statute invoked. (2) That this contract was not made in Michigan, but in Illinois, and that, therefore, it is not void under such statute. (3) That as the bankrupt and ultimately its trustee received the benefit of the full performance of this contract by claimant, this court should, in equity, require payment to be made therefor. These contentions will be considered in the order named.

[1] 1. The provisions of the Michigan statute referred to are as follows: Section 1 of Act 206 of the Michigan Public Acts of 1901, as amended, being section 9063 of the Michigan Compiled Laws of 1915, provides:

"It shall be unlawful for any corporation organized under the laws of any state of the United States, except the state of Michigan, or of any foreign

country, to carry on its business in this state, until it shall have procured from the secretary of state of this state a certificate of authority for that purpose."

Section 6 of the same act (section 9068 of the Michigan Compiled Laws of 1915), provides as follows:

"No foreign corporation, subject to the provisions of this act, shall be capable of making a valid contract in this state until it shall have fully complied with the requirements of this act, and at the time holds an unrevoked certificate to that effect from the secretary of state."

Section 8 of the act (section 9070, Compiled Laws of 1915) concludes thus:

"Nor shall this act be construed to prohibit any sale of goods or merchandise which would be protected by the rights of interstate commerce."

The meritorious question here involved is whether this contract provided essentially for the carrying on of business by claimant in Michigan (that is, the doing of intrastate business in Michigan), and hence falls within the prohibition of section 1 of the statute, or whether, on the other hand, this contract so related to interstate commerce as to be a part thereof, and therefore not within this statutory prohibition.

What, then, was the character of this contract? By its terms the claimant agreed "to equip the property" of the bankrupt in Detroit "with a system of automatic fire sprinklers" in accordance with certain plans and specifications referred to and attached to the contract. There is nothing in the contract, plans, or specifications which in any way provides or indicates that it was intended by either party that any of the material or labor required for the performance of the contract was to be brought into Michigan from outside the state. The claimant merely agreed to equip this property with the fire sprinklers in the manner already referred to. No mention is made in the contract, plans, or specifications as to the place where any of this labor or material should be obtained, although such specifications provide in detail for the furnishing of the necessary material and apparatus.

It will thus be noted that this contract provided merely for the equipment of a certain building in Michigan with a certain system of fire sprinklers. That is all which claimant agreed to do. It would, of course, not be contended that the mere reference to claimant as a Wisconsin corporation made such a contract interstate commerce. That, however, is the only reference therein to any other state than Michigan. There is no language in the contract, plans, and specifications expressly or impliedly providing for the shipment of anything into Michigan from outside. Certainly the claimant would have been warranted, under the contract, in obtaining all of its labor and material there. It seems clear, therefore, that the contract did not involve interstate commerce, but was wholly intrastate in character, and not within the prohibition of the statute. Oakland Sugar Mill Co. v. Fred W. Wolf Co., 118 Fed. 239, 55 C. C. A. 93 (C. C. A. 6); Hastings Industrial Co. v. Moran, 143 Mich. 679, 107 N. W. 706.

[2] Nor does the mere fact that in performing this contract the claimant or its subcontractors purchased and brought into the state from outside some of the material and labor used in equipping this

plant affect the character of the transaction or make it interstate commerce.   Oakland Sugar Mill Co. v. Fred W. Wolf Co., supra.   If this were not so, any party to a contract on its face intrastate in character could readily change it into interstate commerce by merely transporting into the state where the contract was to be performed material purchased in and sent from another state, and using it in performing such contract.   This shows clearly the soundness of the rule.   The question, then, whether a particular contract is interstate or intrastate in character, must be determined by a construction of the contract, rather than by a consideration of the manner in which it has been performed by the parties thereto.

It must be borne in mind that the contract in question does not provide for the sale of an article in interstate commerce under an agreement containing a clause to the effect that the seller shall install the article in the state to which it is to be sent.   This contract provides merely for the furnishing and installation of certain apparatus in a certain building in the state of Michigan, without any provision for the prior transportation of such apparatus from outside into this state. Therefore the cases are not here applicable which distinguish between intrastate transactions and interstate commerce in contracts providing, not only for the sale and installation of articles, but also for the transportation of such articles from one state to another.

[3] 2. The contract, then, being, for the reasons already stated, void under section 1 of the statute, the contention that it is not void under section 6 becomes immaterial, even if correct.   Diamond Glue Co. v. U. S. Glue Co., 187 U. S. 611, 23 Sup. Ct. 206, 47 L. Ed. 328.

3. Finally, it is urged by claimant that as it furnished to the bankrupt certain property under the contract in question, and such property ultimately came into the possession of the trustee, who reaped the benefit thereof by selling it at the bankruptcy sale and receiving the full value thereof; therefore this court ought, in equity and fairness, to order this claim allowed and paid.

[4] Claimant, however, overlooks the fact that in allowing or disallowing claims against estates in bankruptcy the court is bound by the established rules of law and equity, and cannot arbitrarily exercise its power in the allowance or disallowance of such claims.

[5] It is well settled that when a contract like that here involved, illegal because contrary to a statute, has been made, and the parties thereto are in pari delicto, neither party will be permitted to have the aid of the court in obtaining any relief in regard to such contract, but the court will leave such parties where it finds them.   McMullen v. Hoffman, 174 U. S. 639, 19 Sup. Ct. 839, 43 L. Ed. 1117; Walhier v. Weber, 142 Mich. 322, 105 N. W. 772; Benson v. Bawden, 149 Mich. 584, 113 N. W. 20, 13 L. R. A. (N. S.) 721; Cashin v. Pliter, 168 Mich. 386, 134 N. W. 482, Ann. Cas. 1913C, 697; 6 R. C. L. § 218; 13 Corpus Juris, 507.

The record and briefs of counsel have been examined with care, but from the views and conclusions herein expressed it follows that the order of the referee must be, and it is, affirmed.