## INTERSTATE CONST. CO. vs. LAKEVIEW CANAL CO.
(No. 1113, April 15th, 1924; 224 Pac. 850.)

CORPORATIONS—FOREIGN CORPORATIONS—ACCEPTANCE OF CONSTITUTION AND STATUTES—"DOING BUSINESS" IN STATE DEFINED—WORDS AND PHRASES—COMMERCE—CONSTITUTIONAL LAW.

1. Where a contract was made in Colorado by a foreign corporation to construct a canal in Wyoming and the corporation constructed part of the canal before the contract was terminated and abandoned, a subsequent compliance

with Const. art. 10, § 5, and Comp. St. 1920, § 5074, re-
lating to acceptance of the Constitution of the state by
corporations, did not render performance under the con-
tract valid, and no recovery could be had for the work
done.

2.   Construction of a canal in the state by a foreign corpora-
tion, covering a period of several months and involving
many miscellaneous matters of business transacted, was
not a single transaction so as not to constitute doing busi-
ness in the state, under Const. art. 10, § 5, Comp. St. 1920,
§ 5074, making transaction of business unlawful where
· corporation has not accepted the Constitution and stat-
utes of the state.

3.   Where contract by foreign corporation to construct canal
in Wyoming contemplated that horses and some machinery
to be used should be shipped from Colorado and returned
after the completion of the work, and such corporation
failed to accept the Constitution and statutes of the state
as required by Const. art. 10, § 5, and Comp. St. 1920, §
5074, the transportation of the horses and machinery was
not interstate commerce and the corporation could not re-
cover therefor, such transportation being a mere incident
of the work to be performed under the contract.

4.   Courts cannot refuse to enforce a Constitution or a statute
· merely; on the ground that conditions imposed are un-
reasonable or oppressive.

APPEAL from District Court, Park County; PERCY W.
METZ, Judge.

Action by the Interstate Const. Co. against Lakeview
Canal Co., and others to foreclose a lien and recover a bal-
ance due for work and material furnished in the construc-
tion of a canal. There was judgment for defendants and
plaintiff appeals.

*Johnson & Johnson* and *J. H. Van Horn* for Appellant.

·It is true that appellant did not file its articles of incor-
poration and acceptance of the Constitution before per-
forming the work under its contract, but did comply with
the law in this respect long before the commencement of the
action; this did not make the contract void, and it could sue
in the courts of the State, Gould Co. v. Telephone Co.

(Wyo.) 101 Pac. 939; 2 Marawetz Corp. 665; 9 Fletch Cyc. 5941-5945; Inter. Trust Co. v. Co., 41 Colo. 299, 92 Pac. 727; W. Elect. Co. v. Prichett, 51 Colo. 415, 118 Pac. 988; Kansas v. Co., 76 Pac. 411; Wood Mowing Mach. Co. v. Caldwell, 54 Ind. 270; Elston v. Pigott, 94 Ind. 14; Asphalt Co. v. New York (N. Y.) 49 N. E. 1043; Wolfing v. Armstrong Cork Co., 157 S. W. 615; Chicago Mills v. Sims, 74 S. W. 128; Nat. Fertilizer Co. v. Fall River B 196 Mass. 458, 82 N. E. 671; Kirwin v. Co., 145 Fed. 288; Ceasar v. Capell, 83 Fed. 403; appellant appointed a process agent before commencing suit, and was entitled to sue, Kendrick v. Warren Bros. (Md.) 72 Atl. 461; 6 Thompson Corp. 7956; appellant was hindered in its work by litigation, in which the Company was involved; Canal Company breached its contract in not making deposits, 2 Williston Contr. 767-768; 13 C. J. 648; the Canal Co. waived its right to statement other than as furnished, Cummings v. Pense, (Ind.) 27 N. E. 631; Boden v. Maher, (Wis.) 81 N. W. 661; Caluwaert v. Schapiro, 152 N. Y. Supp. 1016; 13 C. J. 669; appellees waived a tender, Strasbourger v. Leerburger, (N. Y.) 134 N. E. 836; Union League v. Sweeney, (Ind.) 111 N. E. 305; Cook v. Hogedorn, (Ind.) 131 N. E. 788; Butterworth v. Co., 132 Mass. 489; West Rockingham Co. v. Sheets, 26 Grat. (Va.) 854; Nickle v. Co., 46 S. W. 435; Berliner v. Co. (Cal.) 53 Pac. 922; Linton v. Co., (N. Y.) 27 N. E. 406; lien cases cited by appellee arose before Wyoming Act was amended dispensing with strict construction, Braeckel v. Shade, (Mo.) 118 S. W. 1196; State v. Reynolds, (Mo.) 232 S. W. 1035; Lumber Co. v. Wetzel Co., (W. Va.) 72 S. E. 786; an itemized account was impracticable, a lien should lie for work performed in enlarging a canal, Bennett Co. v. Land Co., 93 Pac. 789; Pac. Coast P. Co. v. Irri. Co., 187 Pac. 940; Continental & C. T. Bouk et al. Carey Bros. Cont. Co. ctd. 208 Fed. 976; T. F. Salmon River Co. v. Caldwell, 242 Fed. 177; the court erred in excluding material evidence as to deposits and accounts furnished to the Canal Company; motion for nonsuit admits

the truth of plaintiff's evidence, Whitehead v. Co., 26 Colo. App. 114, 141 Pac. 138.

*Brome & Hyde* for Appellee.

The property belongs to Fertile Valley Canal Company, which Company is not a party to this appeal, and it should be dismissed; no lien account was included in the lien statement; Carey Act Canal property is not subject to lien; appellant did not accept the Constitution and Statutes of Wyoming before performance of work; appellant failed to furnish statements as required by the contract; defendant's motion to dismiss was properly sustained; substantial performance of conditions precedent is necessary to authorize recovery, 6 R. C. L. 944; appellant was doing business in the State unlawfully, subsequent compliance did not cure this defect; Gould v. Co., 17 Wyo. 507; plea of ignorance of the law is unavailing, 9 Fletch Sec. 5942; if appellant was transacting business unlawfully a discussion of the lien claim is unnecessary, however, the property was not subject to lien, but no just and true account of the lien demand was filed; the pretended lien is void; Wyman v. Quayle, 9 Wyo. 330; Big Horn Co. v. Davis, 14 Wyo. 468; Davis v. Lumber Co., 14 Wyo. 523; Becker v. Hopper, 22 Wyo. 253.

*Johnson & Johnson* and *J. H. Van Horn* in reply.

Fertile Valley Company defaulted below; it did not own the property; the record shows it was owned by Lakeview Company; the contract is in evidence with other facts showing how it was carried out by the parties; upon the question of a foreign corporation's right to suit, after compliance with the law, we cite, Woolfort v. Dixie Cotton Oil Co., 91 S. W. 306; Watkin Med. Co. v. Martin, 200 S. W. 283; Mechanic Mill & Lbr. Co. v. Co., 32 Pac. 1075; Kraft v. Hoppe, 188 N. W. 162; Carson R. Co. v. Stearns, 31 S. W. 772; Security Savings & Loan Ass'n. v. Elliott, 54 N. E. 753; Swift & Co. v. Little, 28 R. I. 108, 65 Atl. 615; Hirchfield v. McCullough, (Ore.) 130 Pac. 1131; upon the question of Waiver of Conditions Precedent we cite, Lundsford

v. Wren, 63 S. E. 314; Children v. Smith, (Tex.) 37 S. W. 1080; Pechner v. Co., 65 N. Y. 203; M. E. Church v. Brose, 104 Ill. 215; Bannister et al. v. Patty's Exr's. 35 Wis. 225; Healy v. Follon, (Conn.) 37 Atl. 497.

BLUME, Justice.

This case involves a "cost-plus" contract, and, like many other contracts of that kind has resulted in trouble. The Interstate Construction Company, plaintiff below and appellant here, is a corporation organized under the laws of the State of Colorado, and on April 3, 1920 entered into a contract at Denver, Colorado with the Lakeview Canal Co., respondent herein, whereby the appellant agreed to enlarge and extend the so-called Hammitt canal in Park County, Wyoming, the whole work involving the excavation of approximately 168,000 cubic yards. Appellant agreed to complete the work on the 15th day of June, 1920, which time was subsequently extended by agreement of the parties. Appellant agreed to furnish all labor and material that might be necessary for the prosecution and completion of the work. A dispute arose between the parties and on or about June 20th, 1920, the Lakeview Canal Company terminated the contract and compelled the appellant to abandon it. Approximately $40,000 had been paid on the contract, and appellant claims that there is still due thereunder the sum of $38,442.58, for work and material furnished. The trial court entered judgment in favor of defendant, from which appellant appeals.

The Lakeview Canal Company pleaded as a defense herein, and it is conceded, that the appellant is a foreign corporation and that it did not accept the constitution of the State of Wyoming and did not file such acceptance in the office of the Secretary of State as required by the constitution and statutes of the state until June 28, 1920, after the termination of said contract. The question thus raised is the only one that we need to consider. Section 5, Art. X of the Constitution provides as follows:

"No corporation organized under the laws of Wyoming Territory or any other jurisdiction than this state shall be permitted to transact business in this state until it shall have accepted the constitution of this state and filed such acceptance in accordance with the laws thereof."

Subsequently, by Chapter 42 of the Laws of 1890-91, now Section 5974, Wyo. Comp. Stat. 1920, the legislature made provision to carry the foregoing constitutional provision into effect. These provisions were construed and considered at length in the case of Gould Land and Cattle Company vs. The Rocky Mountain Bell Telephone Co., 17 Wyo. 507, 101 Pac. 939. In that case, the Gould Land and Cattle Company, a foreign corporation, which had not accepted our constitution, conducted a live stock business in this state and sued the telephone company for breach of contract in failing to correctly transmit a message over its telephone line from one of its offices in this state to another point in the state with directions to forward the same to an agent of the plaintiff in Idaho. The court held that the constitutional and statutory provisions above mentioned are mandatory and make unlawful, voidable and unenforceable all contracts entered into in this state in violation thereof.

The holding in that case is inconsistent with the contention that a compliance with our law subsequent to the making of an unlawful contract, but before suit is started, avoids the necessity of declaring such a contract void. If a contract, or any business that gives rise to a claim is unlawful, it cannot well be made lawful by anything that is done subsequently. Where the right of action only is suspended during the time of non-compliance with a statute, the rule is different. But the courts are agreed, we think, that where the claim sued on arises out of a transaction unlawful by reason of non-compliance with the constitution or laws, a subsequent compliance has no effect. Fletcher Cyc. Corp., section 5972. The case at bar cannot, accordingly, be taken out of the rule laid down in the Gould case because of the fact that appellant complied with the law on June 28, 1920,

before the bringing of this suit. Nor does the fact that the contract in the case at bar was entered into at Denver, Colorado, alter the situation. The contract has reference solely to business to be done in this state. The law forbids the doing of any business in this state, by a foreign corporation, until acceptance of the constitution. It can, clearly, make no possible difference whether the unlawful business is done pursuant to a written or oral contract, or pursuant to a contract entered into in one place rather than another. If the business is done within the state, without accepting the constitution, it is done unlawfully. The criterion in any case is: Does the claim arise out of, or in connection with, an unlawful doing business in the State? The claim in the Gould case arose out of a contract, the making of which was unlawful. In the case at bar, the claim arises out of the unlawful performance of a contract. Whether or not a suit could be maintained, in this state, upon a claim arising out of a breach of contract, lawful in its origin, as in the case at bar, before the unlawful performance is entered upon, we need not determine. It is at least clear, that where, as in the case at bar, the claim arises out of the unlawful performance, the fact that the contract was lawful when made, does not make the claim lawful. If the contrary contention were correct, the constitution and statutory requirements above mentioned, may be evaded in all cases by merely making the formal contract outside of the limits of the state. The point here involved has been passed on several times and always contrary to the contention of appellant. Fletcher, supra, sec. 5960; S. R. Smythe Co. vs. Fort Worth etc. Co., 105 Tex. 8, 142 S. W. 1157; Buhler vs. E. T. Burrowes Co. (Tex. Civ. App.) 171 S. W. 791; Alabama Western R. Co. vs. Talley-Bates Constr. Co., 162 Ala. 396, 50 So. 341; Citizens National Bank vs. Buckheit, 14 Ala. App. 511, 71 So. 82. In the last case cited the court said:

"Where the contract is to be performed in this state, although not entered into here, and in the performance the non-resident corporation must engage in business in this state, although the contract is valid, the policy of the state as evidenced by the constitution and statutes compels the courts of the state to refuse their aid to such offending corporation in the enforcement of such contract and in recovering the benefits accruing thereunder."

2. The contention is made that the transaction in this case is a single transaction and therefore is not prohibited. It is true that a number of cases hold that to engage in a single transaction does not constitute doing business in the state. We need not determine the soundness of that holding. Appellant was engaged for a period of at least two months in performing or attempting to perform the contract. During that time it established an office at Cody, Wyoming, a number of laborers were hired, a great deal of material was bought, and a great many miscellaneous matters of business transacted. If all of that business, together, could be construed to be a single transaction, then performance of a contract entered into for highway construction, for instance, which would take a period of a year or perhaps two years, would come within the same rule. That is not, we think a reasonable construction to be placed upon the constitution and statute, and few cases, we think, if any, would bear out the contention made herein. The contract considered in the case of Fort Worth etc. Co. vs. Smythe Co., 61 Tex. Civ. App. 388, 128 S. W. 1136, affirmed in 105 Tex. 8; 142 S. W. 1157, involved the equipment of a gas plant. The court said:

"It was one transaction in the sense of one contract, to be sure. But, if the statute should be so construed, as contended for, the question of commerce between the states not being involved, then a contract by a foreign corporation to erect and complete a building in this state, regardless of the time it took or the magnitude of the work, would not be re-

quired to comply with the statute. If a contract requiring five weeks to complete is not within its terms, then a contract requiring two years to complete is likewise not within the terms of the statute. The purpose of the statute would not be accomplished by such construction.''

See also United States Construction Co. vs. Hamilton National Bank, 73 Ind. App. 149, 126 N. E. 866 and cases cited; Alabama etc. R. R. Co. vs. Talley-Bates Const. Co., supra; National Refrigerator Co. vs. Southwestern etc. Co., 288 Mo. 290, 231 S. W. 930; Natural etc. Co. vs. Fred. Bredel Co., 193 Fed. 897, 114 C. C. A. 111.

3.  The contract in question seems to have contemplated that horses and some of the machinery to be used in connection with the enlargement and extension of the ditch should be shipped from Denver, Colorado, and returned after the completion of the work. Payment for the use of such horses and machinery was provided to be made at a definite rate per day, starting from the date of shipment, and counsel for the appellant seem to think that the transportation of these horses and machinery to Cody and return should be construed to constitute interstate commerce, and hence not in contravention of the constitution and statutes of this state. It is clear, however, that such transportation was a mere incidence of the work to be performed under the contract. It would have been immaterial whether the outfit with which to do the work was shipped from Denver or from some other place. The contract was for the enlargement and extension of a ditch in this state, not for the hire of horses or material. In order to accomplish the purpose in view, appellant necessarily had to use horses, implements and machinery, but it was immaterial to respondent where they come from. The law is that where the performance of labor is merely incident to the sale and transportation of goods from one state to another and is reasonably necessary for the purpose of completing and effectuating such sale and transportation, then the mere fact that some labor is

done within the state does not change the transaction from one that is interstate to one that is intrastate. York Mfg. Co. vs. Colley, 247 U. S. 21, 38 Sup. Ct. Rep. 430, 62 L. Ed. 963, 11 A. L. R. 611, and cases cited in a note. On the other hand, there are transactions in which the transportation of property from one state to another is merely incident to a contract for labor within the state and when that is the case the transportation is not protected by the commerce clause of the Federal constitution. Browning vs. Waycross, 233 U. S. 16, 34 Sup. Ct. Rep. 578, 58 L. Ed. 828; General Railway Signal Co. vs. Commonwealth of Virginia, 246 U. S. 500, 38 Sup. Ct. Rep. 360, 62 L. Ed. 854; A. H. Andrews Co. vs. Colonial Theatre Co., (D. C.) 283 Fed. 471; Peck, Williamson etc. Co. vs. McKnight, 140 Tenn. 563, 205 S. W. 419; In re Springfield Realty Co. (D. C.) 257 Fed. 785; U. S. Constr. Co. vs. Hamilton Nat. Bank, supra, and cases cited. Also cases in note 11 A. L. R. 622, 623.

4. It must be clear from what we have said, that we must hold the claim of the appellant unenforceable unless we overrule the Gould case, supra. That is, in fact, virtually what we have been asked to do, and we have given that point our thoughtful consideration. We are not unmindful of the fact that adherence to the rule in that case will occasionally lead to gross injustice, and, perhaps, at times foster a spirit of dishonesty. We cannot but regret such results. But the Gould case was carefully considered and the rule there laid down was adopted only after a review of a long list of cases, and is supported, if not by the weight of authority, at least the greater number of authorities. Fletcher, supra, Sec. 5942. We must also bear in mind that courts cannot refuse to enforce a constitution or a statute merely on the ground that conditions imposed are unreasonable or oppressive. Fletcher, supra, Sec. 5896. We must, accordingly, adhere to the rule in the Gould case, and are constrained to hold that the claim of appellant arises out of business done in this state in violation of the constitution and stat-

utes of this state.   Appellant, therefore, has no right to maintain the action herein.

The judgment of the lower court must accordingly be affirmed and it is so ordered.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.

NOTE—See 12 C. J. pp. 36, 887; 14A C. J. pp. 1273, 1302.