Evidence of test introduced by seller of cattle showing that some of them were infected with contagious abortion at time of sale entitled buyer to have jury instructed that as matter of law cattle were infected when contract of purchase was made, in absence of other evidence.

2. Evidence.

Party introducing evidence is bound by what it shows.

3. Contracts—Prohibited by Statute Void.

Contracts founded on acts prohibited by statute under penalty are void, although not expressly so declared.

4. Same—When Money Paid on Void Contract Not Recoverable.

Money paid on contract void because made in violation of statute cannot be recovered where parties are *in pari delicto* and *particeps criminis*.

5. Same—Infected Cattle—Void Contract.

Buyer of cattle infected with contagious abortion sold in violation of Act No. 181, Pub. Acts 1919, § 10, was not *in pari delicto* and *particeps criminis* with seller who had full knowledge of said infection, although he tricked buyer by concealing facts and telling him he suspected they might be infected because he used neighbor's bull, where buyer knew that said disease was not transmitted that way, and therefore he was not precluded from recovering purchase price.

Validity of contract in business where parties are *in pari delicto*, see annotation in 12 L. R. A. (N. S.) 620.

GROVES *v.* JONES. 447

6. SAME—STATUTES.
Provision of statute requiring immediate report of contagious infection to proper authorities is not applicable on issue as to whether buyer was *in pari delicto* and *particeps criminis* with seller in contract for sale of infected cattle in violation of Act No. 181, Pub. Acts 1919.

7. SAME—RIGHT TO RECOVER MONEY PAID UNDER VOID CONTRACT.
Buyer not being *in pari delicto* with seller of infected cattle sold in violation of Act No. 181, Pub. Acts 1919, is entitled to recover on common counts money paid for cattle.

Error to Cass; Warner (Glenn E.), J. Submitted October 14, 1930. (Docket No. 73, Calendar No. 35,003.) Decided December 2, 1930.

Assumpsit by George Groves against Frank Jones to recover purchase price paid under void contract. From judgment for defendant, plaintiff brings error. Reversed and remanded.

*Elias P. Harmon,* for plaintiff.

*Hendryx & Mosier,* for defendant.

McDONALD, J. The plaintiff brought this suit to recover $465 paid to the defendant as the purchase price of a number of cattle. The declaration consists of the common counts and a special count alleging that, at the time of the purchase, the cattle were infected with contagious abortion, of which the plaintiff had no knowledge until after the sale. He rescinded, demanded a return of the purchase price, and, on refusal, brought this suit.

Defendant filed a plea of the general issue with notice of special defense that he did not guarantee the cattle to be free from contagious disease; that, on the contrary, he told the plaintiff he was suspicious that they were infected with contagious

abortion. In a cross action, he alleged that he kept the cattle after the sale at the plaintiff's request and that $488 was a reasonable charge for their care and maintenance and that he was entitled to recover that amount from the plaintiff.

On the trial, both parties moved for a directed verdict. Both motions were denied and the court submitted to the jury the question as to whether the cattle were infected with contagious abortion, instructing them that, if the plaintiff established by a fair preponderance of evidence they were so infected and the defendant knew it, the plaintiff was entitled to recover. The verdict was no cause of action. A motion *non obstante veredicto* was refused and judgment entered on the verdict. The plaintiff has brought error.

The sole question is whether the court erred in refusing to direct a verdict for the plaintiff or in refusing to enter a judgment *non obstante veredicto.*

The undisputed evidence by Exhibit B, which was a report of a test by the biological laboratories of Pitman-Moore Company of Indianapolis, shows that some of the cattle were infected with contagious abortion at the time of the sale. This exhibit was introduced in evidence by the defendant, and he is bound by what it shows. There was no other evidence on the question. Hence, the plaintiff was entitled to have the jury instructed as a matter of law that the cattle were infected when the contract of purchase was made. The court could not direct a verdict because of defendant's counterclaim, which required submission to the jury. But he could have entered a judgment *non obstante veredicto,* and ought to have done so unless the law applicable to the undisputed facts is a bar to a recovery by the plaintiff.

Section 10, Act No. 181, Pub. Acts 1919, prohibits the sale of any domestic animal infected with a contagious, infectious, or communicable disease.

Section 23 provides a penalty for any violation of the act.

"It is a well-settled principle of law that all contracts which are founded on an act prohibited by a statute under a penalty are void, although not expressly declared to be so." *In re Reidy's Estate,* 164 Mich. 167.

See, also, *Edward* v. *Ioor,* 205 Mich. 617 (15 A. L. R. 256).

It is also well established that money paid on a void contract, made in violation of a statutory provision where the parties are *in pari delicto* and *particeps criminis,* cannot be recovered—that the law will not lend its aid to either party but will leave them where they have placed themselves. *Bagg* v. *Jerome,* 7 Mich. 145; *Walhier* v. *Weber,* 142 Mich. 322; *Mancourt-Winters Coal Co.* v. *Ohio & Michigan Coal Co.,* 217 Mich. 449.

In refusing to enter a judgment *non obstante veredicto* in the instant case, the trial court held that the contract was void; that the parties were *in pari delicto* and *particeps criminis,* and therefore under the well-established principles of law, the plaintiff could not recover the money which he had paid for the cattle.

The court was right as to the law, but we think it was wrong in holding that the parties were *in pari delicto* and *particeps criminis.* The defendant sold these cattle to the plaintiff with full knowledge that they or some of them were infected with contagious abortion. He had them tested twice before the sale and knew what the tests showed. He concealed these facts from the plaintiff, though he told him

he had used a bull belonging to a neighbor's herd which he suspected had contagious abortion. The plaintiff was a cattle dealer, had been buying and selling for ten years, had some experience with contagious abortion, and had been told how it was transmitted. When the defendant told him of his suspicions from having used a neighbor's bull, he remarked that the disease was not transmitted in that way, and, if that was all there was to it, there was no danger of abortion. The defendant did not tell him the truth. He tricked him with a bull story, a story that was not sufficient to create in the ordinary mind a suspicion that the cattle were infected. The plaintiff was the innocent victim of defendant's fraud. Taking the most extreme view of the testimony against him, it shows only a suspicion on his part, while the undisputed evidence shows that the defendant knew they were infected. Clearly they were not *in pari delicto* or *particeps criminis*.

The trial court was of the opinion that both parties were equally guilty of violating section 5 of the statute, which requires an immediate report of contagious infection to the State commissioner of animal industry or to the local board of health. That provision of the act is not applicable to the question in this case. It does not affect the contract.

Having determined that the parties are not *in pari delicto* in making a contract prohibited by the statute, it follows that the plaintiff is entitled to recover on the common counts the money he paid for the cattle. The rule is well stated in 6 R. C. L. p. 833, as follows:

"A distinction has been taken between those illegal contracts both parties to which are equally culpable, and those in which, although both have participated in the illegal act, the guilt rests chiefly

upon one. \* \* \* Unless, therefore, the parties are *in pari delicto* as well as *particeps criminis,* the courts, although the contract is illegal, will afford relief, where equity requires it, to the more innocent party, even after the contract has been executed."

The judgment is reversed. The case is remanded to the circuit court for the entry of a judgment in favor of the plaintiff, with costs.

WIEST, C. J., and BUTZEL, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. POTTER, J., concurred in the result.