MOECKEL v. DIESENROTH.

1. SALES—WARRANTY—STATEMENT IN AUCTION BILL.
Where auction bill offering milch cows for sale contained no express statement that they were sound, there was no warranty of general condition or health.

2. SAME—IMPLIED WARRANTY.
Where cattle offered for sale in auction bill were grouped according to purpose, seller is impliedly charged with notice that purchaser purchasing from group described as milch cows, with no other declared purpose, would buy for use as milch cows, with implied warranty by seller that they were reasonably fit for that purpose (2 Comp. Laws 1929, § 9454).

3. SAME—BREACH OF IMPLIED WARRANTY—CONTAGIOUS ABORTION.
Presence of contagious abortion in cow described by seller as milch cow and purchased for that purpose, which disease affects milk so that it is unfit for human use or disturbs ability of cow to freshen and continue production of milk, is breach of implied warranty that said cow is reasonably fit for its purpose as milch cow.

4. SAME—DAMAGES—RESCISSION.
Breach of warranty does not ordinarily entitle purchaser to abatement of whole purchase price in absence of rescission.

---

As to liability of vendor of diseased live stock in absence of special warranty, see annotation in 29 L. R. A. (N. S.) 202.

Advertisement by seller as affecting rights of parties to sale of live stock, see annotation in 28 A. L. R. 1001.

5. SAME.
> Breach of implied warranty that cows sold as milch cows were reasonably fit for that purpose did not entitle purchaser to damages in full, where there was testimony that they had some value for beef, in absence of rescission.

Error to Washtenaw; Sample (George W.), J. Submitted October 23, 1930. (Docket No. 173, Calendar No. 35,244.) Decided February 27, 1931.

Assumpsit by O. F. Moeckel against Lucy Diesenroth and another on a promissory note given in payment for cattle. Judgment for defendants. Plaintiff brings error. Reversed.

*James J. Noon* and *Frank B. DeVine,* for plaintiff.

*Louis E. Burke,* for defendants.

FEAD, J. The action is on a promissory note for $417, given by defendants for the price of six cows they purchased from plaintiff at an auction sale. The defendants gave notice of several special defenses, but the case was presented to this court on the issue of breach of warranty of the six cows. There was no rescission of the sale. Defendants had verdict of a jury and judgment of no cause of action. Plaintiff contends the court erred in denying his motion for a directed verdict, and, later, for a new trial.

No verbal representations were made, but defendants' claim rests wholly upon the language of the auction bill advertising the sale, which reads in part:

"20 cows, mostly Jerseys. All giving milk or heavy springers."

Defendants say those words meant the cows were sound, healthy, and would give wholesome milk. Plaintiff contends they were merely descriptive of a specific condition of the cows, and did not constitute a warranty of health or quality.

There was sufficient testimony to submit to the jury defendants' claim that the cows were infected with a disease known as contagious abortion when they were purchased, that such disease causes cows to lose their calves oftener than is normal and renders the milk dangerous for use by human beings, and that at least four of the cows purchased by defendants from plaintiff aborted. There was also testimony that, despite the disease, the meat is salable.

The case does not fall within *Groves* v. *Jones*, 252 Mich. 446, as the testimony did not show that plaintiff knew the cows were diseased when sold.

The whole property offered at the sale, as described in the auction bill, was:

"20 cows, mostly Jerseys. All giving milk or heavy springers. Some with calves by side. Ages, 3 to 7 years. 26 Heifers Jerseys—some Guernseys and Durhams. Ages, 1½ to 3 years. 36 steers short yearling Herfords. All cattle recently T. B. tested."

As there was no express statement in the bill that the cows were sound, or the equivalent, there was no warranty of general condition or health. 24 R. C. L. p. 202; 35 Cyc. p. 388; 29 L. R. A. (N. S.) 202, note.

The grouping of the animals in the auction bill, especially as to the cows and heifers, indicated a difference in their use and value, and constituted an offer by plaintiff of each group for its indicated purpose. The description of the group out of which defendants purchased had direct and special refer-

ence to the stage of milk production of the cows and distinguished them as milch cows. In offering them for such particular purpose, the seller was impliedly charged with notice that a purchaser, who should rely upon the offer and declare no other specific object, would buy them for use as milch cows, so the sale carried the implied warranty that they were reasonably fit for that purpose.

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose." 2 Comp. Laws 1929, § 9454.

The ordinary use of a milch cow is to produce milk for human consumption. The presence of a disease which affects the animal in this respect to an unreasonable degree is a breach of the implied warranty that it is reasonably fit for its purpose as a milch cow, whether it spoils the milk for human use or disturbs the ability to freshen and continue the production of milk. We think this is the character of the warranty contained in the auction bill, and defines the issue for the jury.

A breach of warranty does not ordinarily entitle the purchaser to abatement of the whole purchase price in the absence of rescission. In this case, it was shown that the cows had value for beef, and damages in the full amount of the note were not proved.

Judgment reversed, and new trial ordered, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.