HENRY J. KEARSE, Plaintiff, *v.* HORNELL CONSTRUCTION CORPORATION, Defendant.

Supreme Court, Monroe County, May 24, 1944.

*Shults & Shults* for defendant.

*Johnson, Burton & Johnson* for plaintiff.

CRIBB, J.  By written contract dated April 25, 1942, the plaintiff rented from the defendant certain equipment to be used by him in grading operations on a United States Government project involving improvements at the Dansville airport. The contract provided that the defendant should furnish operators and supplies and maintain the equipment in good order.  Subsequent to the execution of the contract and the delivery of the equipment to the plaintiff, the Price Administrator of the United States, pursuant to the authority vested in him by an Act of Congress known as the " Emergency Price Control Act of 1942 " (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), issued regulations governing the price at which such equipment could be rented, used or sold.  These regulations became effective on May 11, 1942 (Maximum Price Regulation No. 134; 7 Fed. Reg. 3203).

The contract provided that the rental price to be paid by plaintiff for each unit of such equipment and service should be twelve dollars per hour for the number of hours each unit or machine was actually used.  The ceiling price provided by the

regulations issued by the Price Administrator was substantially less than the rental price named in the contract between the parties. The latter were unable to agree on the correct interpretation of the price control regulations established by the Price Administrator or their effect upon their written agreement. However, plaintiff continued to use the leased equipment after the effective date of the price control regulations because he was engaged in the construction of a Government project essential to the war effort and the continued use of the equipment was necessary to enable him to complete the work for which he was responsible. Plaintiff, therefore, continued to make payments to defendant based on the prices provided by the contract but, as he alleges, '' under protest and under business duress '', as demanded by defendant, and '' on the condition that if the amounts so paid were not in conformity with the provisions of the Price Control Act, the excess would be returned ''.

It appears that plaintiff paid to defendant for the rental of the equipment and services rendered accruing after May 11, 1942 (the date when the price regulations became effective), the sum of $9,328.37, while the ceiling rental price for such period *as computed by plaintiff* pursuant to the rules and regulations issued by the Price Administrator amounted to only $5,224.84. Plaintiff brings this action to recover from the defendant the excess so paid by him less certain credits allowed the defendant, and demands judgment for $2,701.40.

The defendant seeks a dismissal of the complaint under rule 106 of the Rules of Civil Practice upon the grounds (1) that it appears on the face of the complaint that the court has not jurisdiction of the subject matter of the action, and (2) that the complaint fails to state facts sufficient to constitute a cause of action, and (3) under rule 107 of the Rules of Civil Practice that the cause of action alleged did not '' accrue within the time limited by law for the commencement of an action thereon, in that the action is brought more than one year after the alleged cause of action accrued.''

Defendant questions the constitutionality of the Emergency Price Control Act and asserts that the rules and regulations promulgated by the Price Administrator, if held applicable in this case, clearly impair the obligations of the contract between the parties. This position is not well taken. In *Norman* v. *Baltimore and Ohio R. R. Co.* (265 N. Y. 37, 42) the court said: '' Those who would affirm the unconstitutionality of an Act of Congress must do more than raise a doubt: they must do more

than establish the unwisdom of the legislation; they must show clearly that it is in violation of the provisions of the Constitution.'' This case was affirmed (294 U. S. 240, 309–310) where the Supreme Court in its opinion said: '' The principle is not limited to the incidental effect of the exercise by the Congress of its constitutional authority. There is no constitutional ground for denying to the Congress the power expressly to prohibit and invalidate contracts although previously made, and valid when made, when they interfere with the carrying out of the policy it is free to adopt.'' The authority of the Congress to delegate the powers given to the Price Administrator by the Emergency Price Control Act was questioned in *United States* v. *Fitzsimmons' Stores, Ltd., et al.* (U. S. Dist. Ct., S. D. Cal., 1943; see Commerce Clearing House, War Law Service, Price Control Cases, ¶ 50,986) where the court said: '' A careful reading of the statute indicates that it contains a clear statement of the definite policy of Congress and also an adequate, intelligible standard for the guidance of the Administrator in fixing maximum prices. * * * Finally, the burden rests with the defendant to show clearly that the Act is unconstitutional. *Highland* v. *Russell Car and Snow Plow Co.,* 279 U. S. 253.'' The court also said: '' The constitutionality of this Act is no longer a novel issue of law. The statute has already been interpreted as being constitutional in a number of decisions. Among these are [citing *United States* v. *C. Thomas Stores, Inc.,* 49 F. Supp. 111; *United States* v. *Charney,* 50 F. Supp. 581; *United States* v. *Slobodkin,* 48 F. Supp. 913].'' It seems unnecessary to cite further cases holding to the same effect.

The claim of the defendant that this court has not jurisdiction of the action is not well founded. It argues that since the Emergency Price Control Act (§ 204; U. S. Code, tit. 50, Appendix, § 924), establishes a so-called '' Emergency Court of Appeals '', the plaintiff must resort to that court for the relief sought. Subdivision (e) of section 205 of the Act (U. S. Code, tit. 50, Appendix, § 925, subd. [e]) also provides that suit may be brought in '' any court of competent jurisdiction '', but a right of action is provided only when the transaction is '' other than in the course of trade or business ''. It is conceded that the transaction between plaintiff and defendant, out of which this litigation arises, *was* in the '' course of trade or business '', and accordingly it is further contended by defendant that plaintiff has no right of action at all.* This argument

* See *Lightbody* v. *Russell,* 293 N. Y. 492; *Sommer* v. *Kelly Co.,* 182 Misc. 157, 182 Misc. 119.—[Rep.

of the defendant, however, is based upon the contention that plaintiff makes the Emergency Price Control Act of 1942 the basis of his action. I think the defendant errs in this assumption. Plaintiff's action is a common-law action for money had and received whereby he sues to recover moneys paid to the defendant under business duress. He is not suing under the provisions of the Act. In *Claflin* v. *Houseman, Assignee* (93 U. S. 130, 137) the court said: " It is true, the sovereignties are distinct, and neither can interfere with the proper jurisdiction of the other, as was so clearly shown by Chief Justice TANEY, in the case of *Ableman* v. *Booth,* 21 How. 506; and hence the State courts have no power to revise the action of the Federal courts, nor the Federal the State, except where the Federal Constitution or laws are involved. But this is no reason why the State courts should not be open for the prosecution of rights growing out of the laws of the United States, to which their jurisdiction is competent, and not denied." Also in *Brown* v. *De Concini* (60 Ariz. 476, 480) the court said: " To uphold the defendant in this case, we would be saying that state courts should not extend jurisdiction to the Emergency Price Control Act of 1942."

In view of my determination that plaintiff's action is not brought under the provisions of the Emergency Price Control Act, the defendant's argument that plaintiff is barred by the Statute of Limitations provided by subdivision (e) of section 205 of that Act (U. S. Code, tit. 50, Appendix, § 925, subd. [e]) is without merit.

Defendant further advances the argument that Maximum Price Regulation No. 134 of the Office of Price Administration did not include the equipment involved in this action. It seems this would be a matter of affirmative defense. No mention is made of this in the affidavit in support of the motions. Therefore this court cannot pass upon the question at this time even if it is a proper subject for consideration on these motions.

The defendant, further submitting that this action is based on the theory that the Regulation of the Office of Price Administration set up some maximum price which is less than the twelve dollars per hour called for by the contract, asserts that the original Maximum Price Regulation No. 134 did not give any hourly rates but only monthly, weekly and daily rates and defines " daily period " as " a period of 24 consecutive hours ". From this it maintains that the rates established apply only to *time in possession* and not to *actual working time.* It seems this argu-

ment must fail because section 1399.10 [later renum. 1399.15] of the Regulation provides a method of ascertaining maximum rental price of equipment used for fractions of a twenty-four-hour day.

Finally, defendant contends that the Regulation does not apply to the contract between the parties since under that agreement the lessor (defendant) agreed to furnish operators and supplies and maintain the equipment. It is true that Maximum Price Regulation No. 134 did not specifically include an operation called for by the contract and that on October 15, 1942, an amendatory Regulation was issued which became effective October 22, 1942 (7 Fed. Reg. 8386), some two months after the contract between these parties terminated. However, it appears that this amendatory regulation did not vary the effect of the original Maximum Price Regulation theretofore issued so far as the equipment and services which are involved in this litigation are concerned, but rather simplified the method of computation to ascertain the permissible maximum charge for the supplies furnished and the services rendered. With the issuance of the amended regulation the Office of Price Administration submitted the following " statement of considerations for amendment ": " * * * Before this Amendment, the supplying of fuel, lubricants or repair parts [by the lessor in connection with the rented item of construction or road equipment] was interpreted by this Office as constituting a sale, with prices governed by the applicable maximum price regulations; supplying operators, mechanics and oilers and performing repairs were treated as services, also subject to applicable regulations. As a result, although one person frequently performed all these operations, it was necessary to examine numerous regulations to ascertain the permissible maximum charge. This burden has been eliminated by embracing all these operations within the definition of ' operating or maintenance services ' * * * ."

Plaintiff relies upon the above-quoted statement of the Office of Price Administration to substantiate his claim that prices set by Maximum Price Regulation No. 134 applied to his lease with defendant after May 11, 1942, when such order became effective. However, paragraph (g) of former section 1399.10 of Maximum Price Regulation No. 134 provided: " Maximum rental rates in the Table of Rates set forth in paragraph (f) of this Appendix, except as otherwise provided therein, do not include charges for operator, fuel, and maintenance on the job." While the amendatory Regulation of October 15, 1942, sought, among other things,

to simplify the method of determining the rental charge where the lessor provided the equipment and also the operators, supplies and maintenance, as was done by the defendant here, it could not clarify provisions which never existed. The only Regulation of the Office of Price Administration as to leased machinery of the type involved here which was issued prior to the termination of the lease between these parties was Regulation No. 134. This Regulation did not include, but seems to have clearly excluded, machinery leased by a lessor where he also furnished operators, supplies and maintenance.

Defendant's motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action is granted.

Let an order enter accordingly.