MARROW MANUFACTURING CORPORATION, Plaintiff, *v.* JOSEPH EITINGER, Defendant.

Supreme Court, Special Term, New York County, September 25, 1945.

*Gerald G. Schwartz* and *Daniel D. Trause* for defendant.

*Sydney A. Hellenbrand* for plaintiff.

PECORA, J.   Defendant moves to dismiss the complaint upon the ground that it fails to allege facts sufficient to constitute a cause of action and that plaintiff has not the capacity to sue.   The first cause of action is based upon the alleged improper and excessive price which it paid to defendant for merchandise covered by the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) and the maximum price regulations issued pursuant thereto.   Recovery is sought for the difference between the amount paid and the maximum to which defendant would be entitled by law.   In the second cause plaintiff seeks to recover the same amount upon allegations that defendant fraudulently misrepresented that the prices charged for the merchandise were proper and legal, and determined in accordance with the Price Control Act and the maximum price regulations; that plaintiff relied upon such representations and paid the excess sued for.   Plaintiff does not allege that the merchandise was purchased " for use or consumption other than in the course of trade or business ".   It clearly appears that the commodity in question was sold " in the course of trade or business ".   It was held in *Lightbody* v. *Russell* (293 N. Y. 492) that where a commodity is purchased in the course of trade or business, the purchaser may not sue to recover treble damages under the Price Control Act (Act, § 205, subd. [e] ; U. S. Code, tit. 50, Appendix, § 925, subd. [e]). Plaintiff here does not sue for treble damages, since plaintiff did not purchase for use or consumption other than in the course of trade or business.   This court held in *Alba Trading Co.* v. *Constants* (181 Misc. 778, 779) " that any remedy which exists * * * must under subdivision (e) of section 205

be pursued by the Administrator and cannot be availed of by plaintiff, who is not a consumer-purchaser.'' There too the suit like the case at bar was by a purchaser to recover the excess paid over the maximum price. Thus here too plaintiff may not sue to recover the excess. Any action for such purpose must be brought by the Administrator of the Office of Price Administration.

By couching the second cause of action in terms of fraud, plaintiff cannot avoid the effect of such ruling. The remedy against a seller is statutory, based upon legislation with a definite public policy. Plaintiff was under the law duty bound to know, and will be presumed to have known, the maximum price. Recovery upon any theory can only be had in a suit brought by the administrator. The recent decision in *International Spangles Corp.* v. *Marrow Mfg. Corp.* (294 N. Y. 295) in no way conflicts with the result reached. That case merely holds that a seller who has violated the provisions of the Price Control Act may not recover the price of the goods sold where that price exceeds the maximum price fixed in conformity with the Price Control Act and the maximum price regulations. It does not follow that, because a seller who violates the law is barred from a recovery, the buyer who has paid an excessive price can recover the excess. There are specific provisions in the Price Control Act which make it unlawful for a person to sell or deliver any commodity in violation of any regulation promulgated under the act. To permit a seller to recover where the act is violated would be tantamount to sanctioning the violation. But as to a purchaser's recovery from a seller, the Price Control Act prescribes an exclusive remedy. Suit by a purchaser can only be brought where he is a consumer. Plaintiff does not fall within that category and therefore may not pursue that remedy. The motion to dismiss is granted. Settle order.