COMPAÑIA IMPORTADORA MATERIALES INDUSTRIALES Y DE CONSTRUCCION SOCIEDAD DE RESPONSABILIDAD LIMITADA, Plaintiff, *v.* CALDWELL & Co., INC., Defendant.

Supreme Court, Special Term, New York County, November 19, 1945.

*Elkan Turk, Raymond S. Baron* and *Herman Goldman* for defendant.

*Emilio Nunez* for plaintiff.

WALTER, J. A corporation which, in the course of trade or business, purchased substantial quantities of hot-rolled iron or steel strip known as BWG No. 18 and paid therefor a price which it alleges was, unknown to it, in excess of the ceiling price for such commodity established by the Price Administrator pursuant to the Emergency Price Control Act of 1942 (U. S.

Code, tit. 50, Appendix, § 901 *et seq.*), here sues its vendor to recover such excess, and this motion by defendant to dismiss the complaint as insufficient presents the question whether such a buyer has a cause of action for the recovery of such excess.

The statute provides, in subdivision (a) of section 4 (U. S. Code, tit. 50, Appendix, § 904, subd [a]): "It shall be unlawful * * * for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity * * * in violation of any regulation or order under section 2, or of any price schedule effective in accordance with the provisions of section 206 * * *."

It further provides, in subdivision (e) of section 205 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]): " If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. * * * If * * * the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States."

By the Stabilization Extension Act of 1944 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]) that provision was amended to read as follows: " If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity * * * other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine * * *. If * * * the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the

Administrator may institute such action on behalf of the United States within such one-year period.''

Any person who willfully violates any provision of section 4 of the Act is subject, upon conviction thereof, to fine and imprisonment (Act, § 205, subd. [b]; U. S. Code, tit. 50, Appendix, § 925, subd. [b]).

It is settled, at least for this court, that, as plaintiff bought in the course of trade or business, and not for use or consumption, it may not maintain the action for penalty or treble damages provided for in subdivision (e) of section 205 (*Lightbody* v. *Russell,* 293 N. Y. 492). (See, also, *Bowles* v. *Curtiss Candy Co.,* 55 F. Supp. 527; *Bowles* v. *Joseph Denunzio Fruit Co.,* 55 F. Supp. 9; *Bowles* v. *Rock,* 55 F. Supp. 865.) But that does not answer, or even touch, the question here presented whether a buyer in the course of trade or business from whom a seller has exacted an excess over the ceiling price may recover such excess despite the absence from the statute of any provision expressly conferring such right.

It is a general and long-settled rule that where a statute commands or prohibits a thing, a person injured by another's failure to do the thing commanded or by his doing the thing prohibited, has a cause of action against the violator of the statute for the ensuing damage (*Texas & Pacific Ry.* v. *Rigsby,* 241 U. S. 33, 39; *Kelley* v. *N. Y. State Railways,* 207 N. Y. 342; *Amberg* v. *Kinley,* 214 N. Y. 531, 535; *Lang* v. *N. Y. Central R. R. Co.,* 227 N. Y. 507; *Martin* v. *Herzog,* 228 N. Y. 164, 168; *Ward* v. *Erie R. R. Co.,* 230 N. Y. 230; *DiCaprio* v. *N. Y. C. R. R. Co.,* 231 N. Y. 94; *Shepard Co.* v. *Taylor Publishing Co.,* 234 N. Y. 465; *Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287, 305; 50 Am. Jur., Statutes, § 584, pp. 579, 580; Salmond on the Law of Torts [9th ed.], p. 497; 1 Street on Foundations of Legal Liability, p. 172).

If it clearly appear that the statute had a specific purpose, civil liability for its violation is not extended beyond that purpose (*DiCaprio* v. *N. Y. C. R. R. Co., supra*); and sometimes the rule is stated as if a violation of a statute never gives a right of action to anyone other than one of a particular class or group for whose special benefit the statute was enacted; but a more accurate statement is that, although whether or not civil liability results from a violation of a statute depends, in great measure, upon whether the duty is imposed for the special benefit of a particular group or class of persons (*Schmidt* v. *Merchants Despatch Trans. Co., supra,* p. 305), the ultimate test is whether a consideration, not only of the scope and mean-

ing of the statute, but also of the evil at which it was aimed, or, in other words, its object as well as its purport, fairly leads to the conclusion that such was within the intent of the Legislature (*Schmidt* v. *Merchants Despatch Trans. Co., supra; Amberg* v. *Kinley, supra,* pp. 535–536; E. P. Thayer on Public Wrong and Private Action, 27 Harv. L. Rev., pp. 319, 320; 50 Am. Jur., Statutes, §§ 584, 585, pp. 579–581; Salmond on the Law of Torts [9th ed.], p. 497; and see *Martin* v. *Herzog,* 228 N. Y. 164, 168).

The objects and purposes of the Emergency Price Control Act are so broad and extensive (see Act, § 1, U. S. Code, tit. 50, Appendix, § 901; *International Spangles Corp.* v. *Marrow Mfg. Corp.,* 294 N. Y. 295, 297) that it hardly would be accurate to say that it was enacted for the special benefit of the class or group of which the plaintiff is one; but it seems indisputable to me that buyers such as plaintiff are among the classes or groups for whose benefit and protection the statute was enacted.

The liability for penalty or treble damages inserted in subdivision (e) of section 205 was inserted in order to enlist the help of consumers in discouraging violations because Congress foresaw that the task of enforcing the act against retailers would be too vast for the administrator to accomplish without such help (*Bowles* v. *American Stores,* 139 F. 2d 377, 379, certiorari denied sub nom. *American Stores* v. *Bowles,* 322 U. S. 730), and it is inconceivable to me that Congress intended to enlist the help of consumers in that way and yet intended to leave to administrative action alone the vastly greater task of enforcing the act against wholesalers who sell to the retailers. The evil at which the statute is aimed is rising prices, and civil liability to refund any excess over legitimately fixed ceiling prices not only has a reasonable and just relation to avoidance of that evil, but is in my opinion one of the very best means of avoiding such evil and of securing compliance with the statute.

I conclude, therefore, that plaintiff and the transaction here in question have such relation to the objects and purposes of the statute that defendant's violation thereof gives rise to a cause of action by plaintiff for the recovery of what defendant's violation caused plaintiff to lose.

It is further urged that by paying the excess price plaintiff itself violated the statute and for that reason is barred from any recovery. I think that contention also is untenable. It is true that the statute declares it to be unlawful for a buyer in the course of trade or business to pay a price above that

fixed by the administrator, but such a buyer is subject to fine and imprisonment only in case he willfully violates the statute. According to the allegations of the complaint, which upon this motion must be assumed to be true, plaintiff paid the excess price unknowingly and thus is the innocent victim of an illegal transaction rather than a willful violator of the statute; and under such circumstances recovery by plaintiff is not barred by the general, but not universal, rule that no cause of action arises out of an illegal transaction (*Rosasco Creameries, Inc., v. Cohen*, 276 N. Y. 274; *Carmine v. Murphy*, 285 N. Y. 413; and see my own decision in *Bradford v. Durkee Marine Products Corp.*, 180 Misc. 1049), nor by the other general, but not universal, rule that courts leave the parties to an illegal transaction where it finds them and do not aid either (*Duval v. Wellman*, 124 N. Y. 156, 161–162; *Pratt et al. v. Short et al.*, 79 N. Y. 437, 445).

Whether or not a buyer in the course of trade or business who knows that he is paying an excess price may afterwards sue to recover such excess, may and should be left to be determined in some case which requires its determination. This case, at least upon this motion, does not require such determination.

I agree that plaintiff is presumed and must be deemed to know the law, but it does not follow, and I think it little short of preposterous to say, that it is presumed or must be deemed to know that the price it paid was excessive. Whether or not the price was above the ceiling is a question of fact and one as to which most buyers do not and cannot have any knowledge. At least in the absence of special circumstances which, conceivably, may lead to a different conclusion in some cases, a buyer is justified in assuming that his vendor is obeying the law.

The conclusion here reached is inconsistent with *Alba Trading Co. v. Constants* (181 Misc. 778) and *Marrow Mfg. Corp. v. Eitinger* (185 Misc. 900), but all that I can say about that is to express my regret at finding myself in disagreement with one of my colleagues.

The motion to dismiss the complaint is denied.