EDSIL TRADING CORP., Plaintiff, *v.* JOHN MINDER & SONS, INC., Defendant.

Supreme Court, Special Term, New York County, March 31, 1947.

*Philip H. Weeks* for defendant.

*Rubin Cohen* and *Isador Goetz* for plaintiff.

HAMMER, J.  This motion made by the defendant for summary judgment under rule-113 of the Rules of Civil Practice is granted. Plaintiff, in the course of trade and not for its own consumption, purchased certain produce from the defendant and now seeks recovery of the amount paid therefor in excess of Office of Price Administration maximum prices.  Two causes of action are stated, one for money had and received, and the second for breach of certain warranties made with reference to the produce so purchased.  There can be no recovery on the first cause of action (*Marrow Mfg. Co.* v. *Eitinger,* 185 Misc. 900, affd. 270 App. Div. 830, affd. 296 N. Y. 760).

In *International Spangles Corp.* v. *Marrow Mfg. Corp.* (294 N. Y. 295) it was held that a vendor of merchandise could not recover therefor unless it was proved that the sales price was within the Office of Price Administration maximum price. The defendant's contention that no recovery may be had by a vendee of goods purchased at a price in excess of the maximum price, for breach of warranty in connection with such sales, seems a reasonable corollary of the rule enunciated in *International Spangles Corp.* v. *Marrow Mfg. Corp.* (*supra*).  That such is the case is indicated by the reliance of the Court of Appeals in the last cited case on its prior decision in *Carmine* v. *Murphy* (285 N. Y. 413, 416) which holds " * * * that no right of action can spring out of an illegal contract."

It follows, therefore, that there can be no recovery on the second cause of action.  The motion is accordingly granted. Settle order.