SIDNEY WORTMAN, Plaintiff, *v.* MARTIN A. YOUNG, Defendant.

City Court of the City of New York, Trial Term, Kings County, April 15, 1947.

*Noah Seedman* for plaintiff.

*Fred G. Moritt* for defendant.

CHARLES E. RUSSELL, Official Referee. Plaintiff bought a used automobile of defendant delivered on or about August 5, 1946, at an alleged price in excess of the existing Office of Price Administration price regulation thereon. Plaintiff's first and second causes of action were dismissed on motion at the trial. Motions for dismissal of his third, fourth and fifth causes have been reserved pending this decision.

In the third cause plaintiff seeks to recover the claimed overpayment beyond the Office of Price Administration fixed price. In the fourth cause he claims treble damages as to above overcharge pursuant to the said price regulation (Emergency Price Control Act of 1942; U. S. Code, tit. 50, Appendix, § 901 *et seq.*). In his fifth cause he demands a reasonable counsel fee at $500 under provisions of such statute.

Plaintiff's evidence at the trial of this action failed to sustain material and essential allegations of his complaint, particularly that contained in paragraph fifteenth of the fourth cause of action thereof wherein he alleges that the aforesaid automobile was for the sole use and exclusive ownership, operation and consumption of plaintiff, in accordance with the legal construction of said term. However, it appears by his own testimony that such automobile was purchased by him largely for use in commercial and business affairs and that he did use same continuously for such purpose within ten days following its delivery. His attorney offers the following argument: If plaintiff used this automobile in connection with his business as a salesman, such use would not take him out of the class of being a " consumer-purchaser " under the Office of Price Administration Act. The act very specifically, he states, refers to one who buys an

article " other than in the course of trade ". The words, *in the course of trade,* it is his claim, have a very definite meaning, to wit, a buyer who is engaged in the trade of buying and selling that commodity (to wit, automobiles). As plaintiff was not engaged in the automobile business, he would be beyond the purview of such exception.

With such construction I am utterly unable to agree. Plaintiff's evidence briefly is to the effect that he is a traveling salesman and that on August 13th, eight days after delivery of this car, he started on a long business trip with same, his first objective being certain towns and cities in the State of Missouri, 1,100 miles or more away. He states that he also visited Kansas City, Missouri, Wichita, Kansas, and certain towns in Texas and Louisiana.

In a decision of the Court of Appeals in this State in *Lightbody* v. *Russell* (293 N. Y. 492, 495–496) the court used the following language in which it approved an interpretation of the statutory meaning of the words " in the course of trade or business " as applied in said statute: " It is correctly pointed out in the dissenting opinion in the court below that the statute quite naturally divides purchases of commodities coming within its terms into two classes — those who purchase for use in the course of their trade or business, * * * or consumption other than in the course of their trade or business, namely, for a non-commercial use. Each is an ultimate consumer. But it will be noted that the statute confers a cause of action upon the purchaser from a violator of the price regulation only in the event that he is in the latter class. In that connection it may be noted that the Price Administrator, who is charged with the duty of administration of the Emergency Price Control Act, has officially interpreted the phrase ' in the course of trade or business ' as applying to purchases by industrial and commercial consumers as well as to purchases for a resale and in general to buyers engaged in commercial activity for profit (C. C. H. War Law Service, Price Control, Par. 42, 402.16). His interpretation is entitled to great weight. (*U. S.* v. *Amer. Trucking Ass'ns,* 310 U. S. 534, 549)."

In view of the testimony of the plaintiff as to the business and commercial use to which he almost immediately put this automobile, it is apparent that he has failed to bring himself within the exception to which his attorney seeks to classify him. Since the plaintiff bought in the course of business and not for use or consumption, he may not maintain an action for a penalty or treble damages provided for in subdivision (e) of section

205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]). Neither is he entitled to institute an action in his own behalf under such facts to recover any difference between the Office of Price Administration price and that which he alleges he paid for the automobile in question.

. In *Marrow Mfg. Corp.* v. *Eitinger* (185 Misc. 900, 901–902, PECORA, J.), it was said: " This court held in *Alba Trading Co.* v. *Constants* (181 Misc. 778, 779) ' that any remedy which exists * * * must under subdivision (e) of section 205 be pursued by the Administrator and cannot be availed of by plaintiff, who is not a consumer-purchaser.' There too the suit like the case at bar was by a purchaser to recover the excess * * *. Any action for such purpose must be brought by the Administrator of the Office of Price Administration."

It therefore becomes apparent from the above that there was no right in the plaintiff to personally institute this cause of action and the motion of defendant to dismiss at the close of the plaintiff's case as regards causes three, four, and five of the complaint is hereby granted, with due exception to plaintiff. Judgment accordingly.