### JONES *v.* CHENNAULT.

1. WAR—PRICE CONTROL—OVERCHARGES—PLAINTIFFS.

Under the emergency price control act, the buyer of a commodity for use or consumption other than in the course of business may bring an action against the seller to recover an overcharge, whereas if the sale is made in the course of trade or business, the administrator under the act is authorized to bring action (50 USCA, App. § 901 *et seq.*).

2. SAME—ACTION—PARTIES—BURDEN OF PROOF.

Party asserting a right to recover overpayments under the emergency price control act has the burden of establishing he was within class for benefit of which such a right of action was created (50 USCA, App. § 901 *et seq.*).

3. SAME—OVERPAYMENT OF RENT—PLAINTIFFS.

Private party seeking recovery of overpayments for rent of premises under the emergency price control act must show that the use of the premises was purchased by him for himself and his family rather than for the principal purpose of rerenting to others, for if it be the latter purpose there was no statutory right of action in him (50 USCA, App. § 901 *et seq.*)

4. ACTION—STATUTES.

Where the right of action relied upon by plaintiff is purely statutory, he must bring himself within its terms by showing the existence of facts upon which such liability is predicated.

5. SAME—STATUTES—BURDEN OF PROOF—RECOVERY OF OVERPAYMENT OF RENT.

Plaintiff in action to recover alleged overpayments of rent under the emergency price control act failed to establish by

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am. Jur., War, § 43.
[3] Constitutionality and construction of emergency price control act as relating to rent. 158 A.L.R. 1464.
[4] 20 Am. Jur., Evidence, § 135.

proper proofs that he was entitled to maintain the statutory right of action where his own testimony supported finding of the trial court that even the residential part of the premises was largely rerented (50 USCA, App. § 901 *et seq.*).

6. SAME—COMMON LAW—OVERPAYMENT OF RENT—FRAUD—DURESS —IN PARI DELICTO.

A common-law right of action did not exist in favor of plaintiff, a private individual seeking to recover alleged overpayments of rent for premises predicated on a violation of the Federal emergency price control act but wholly separate and apart therefrom, since plaintiff and defendant were *in pari delicto*, there being no claim of fraud or duress or ignorance as to maximum rent chargeable (50 USCA, App. § 901 *et seq.*).

7. CONTRACTS—ILLEGAL AGREEMENT.

Neither a court of law or equity will aid either party to an illegal agreement but will leave the parties where it finds them.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 5, 1948. (Docket No. 5, Calendar No. 43,880.) Decided December 17, 1948.

Action by David Jones against Albert B. Chennault for rent paid in excess of ceiling price. Judgment for defendant. Plaintiff appeals. Affirmed.

*Julian W. Perry, Bledsoe & Taylor (Hobart Taylor, Jr.,* of counsel), for plaintiff.

*Loomis, Jones, Piper & Colden (George Stone,* of counsel), for defendant.

CARR, J. For some years prior to the bringing of this action plaintiff rented from defendant certain premises in the city of Detroit. Claiming that during the period from June 1, 1942, to and including August 28, 1945, the monthly rental collected was in excess of the amount fixed by the Office of Price Administration under authority of the Federal emergency price control act of 1942, as amended,* plain-

---

* 56 Stat. at L. 23, as amended June 30, 1944 (58 Stat. at L. 632 [50 USCA, Appendix, § 901 *et seq.*]).

tiff brought suit to recover the alleged overcharges. At the conclusion of plaintiff's proofs on the trial in circuit court, defendant moved to dismiss on the ground that, under plaintiff's testimony, the premises consisted of two separate and distinct dwellings. The trial court granted the motion, indicating his conclusion from the testimony that the house occupied by plaintiff was not a single dwelling, but that three families lived therein and plaintiff was conducting a business in the basement. Judgment was entered in accordance with the opinion of the trial court, and plaintiff has appealed.

The testimony taken on the trial does not appear in the record. In lieu thereof, the parties entered into an agreed statement of facts, which we assume is based on the proofs introduced on behalf of plaintiff. It appears from this stipulation that plaintiff moved into the premises in question in 1928, the monthly rental therefor, including house and basement, being $35 per month. Thereafter he established in the basement a barbecue business which he conducted continually from 1928 to 1945. Entrance to the basement may be had from the street without passing through the house, and the situation is such that it can be used independently of the residential portion of the building.

Defendant purchased the premises in July, 1941. At that time he sent to plaintiff a letter, advising with reference to the location of the office where the rent was to be paid, and stating further that the rate would be $35 per month payable on the 28th day of each month thereafter. In September following, the rental was fixed at $35 per month for the living quarters and $40 per month for the basement. Thereafter plaintiff made payments accordingly to and including September, 1945. With the exception of two months during the period in question, separate receipts were given for the rental sums. The

averments of the declaration indicate that plaintiff made some objection to the increased rate for the premises, but without avail. The declaration further asserted that plaintiff had made overpayments at the rate of $40 per month for the premises during the entire period from September, 1941, to September, 1945, and was entitled to recover accordingly. He did not, however, seek treble damages nor any penalty because of the making of the alleged overcharges. In his pleading he asked for the repayment of the monthly rental charges, with interest, and attorney's fees.

It further appears from the agreed statement of facts that in July, 1942, the defendant registered the premises in question with the area office of the Office of Price Administration. Such registration indicated that there were two dwelling units in the place, that it consisted of 16 rooms, and that the rent was, on April 1, 1941, the so-called maximum rent date, the sum of $35 per month. It further appears that this document comprises the Office of Price Administration file for said premises.

The question at issue on this appeal is whether the plaintiff made such a showing by his proofs as to entitle him to recover from the defendant, either in the amount claimed or in a lesser sum. Under section 925(e) of the emergency price control act, the buyer of a commodity for use or consumption other than in the course of business may bring an action against a seller to recover an overcharge. If such sale is made in the course of trade or business, the administrator under the act is authorized to bring suit. *Armour & Co.* v. *Blindman,* 73 Fed. Supp. 609; *Bledsoe* v. *Coxe Lumber Co., Inc.,* 229 N. C. 128 (48 S. E. [2d] 50). Insofar as plaintiff's alleged cause of action was based on the statute, the burden rested on plaintiff to show that he was within the class for the benefit of which such a right of ac-

tion was created.   It was, in other words, incumbent on him to show that the use of the residential portion of the premises was purchased by him for himself and his family rather than for the principal purpose of rerenting to others.   If plaintiff purchased the right to use the premises for the predominant purpose of reselling such use, then the transaction was in the course of trade or business, with no consequent statutory right of action in plaintiff.   *Messer* v. *Mamches,* 71 Fed. Supp. 197.

In *Hall* v. *Palmer,* 54 Mich. 270, this Court in denying to the plaintiff recovery of expenses incurred under the drain law, said:

"The right of action relied upon by plaintiff is purely statutory, and he must bring himself within its terms by showing the existence of the facts upon which such liability is predicated."

The general rule is stated more at length in 1 C. J. S. p. 991, as follows:

"Moreover, a cause or right of action, under such a statute, carries with it all of the conditions or limitations, prescribed by the statute, and one seeking to avail himself of the statutory right to recover for a breach of the statutory duty cannot complain of the conditions or limitations, but must bring himself within the provisions of the statute, and show not only a violation of the statute but that the injury complained of was occasioned thereby, and that all the conditions and limitations prescribed by the statute have been complied with, and that a condition to which the statute directly relates has a causal connection with his injury."

See, also, *Leith* v. *Citizens Commercial & Savings Bank,* 304 Mich. 508.   From the record before us it does not appear that plaintiff rented the premises primarily or predominantly for his own use during the period here in question.   The finding of the trial

court, which is set forth in the agreed statement of facts, indicates the contrary fact, that is, that the residential portion of the premises was largely re-rented. It further appears that such conclusion was based on the testimony of the plaintiff. In any event, whether the predominant use of the house was for the carrying on of a so-called rooming-house business or otherwise, the conclusion cannot be avoided that plaintiff failed to sustain the burden resting on him to establish by proper proofs that he was entitled to maintain the statutory right of action.

Plaintiff further claims that under his declaration he is entitled to rely on the theory of a common-law right of action predicated on a violation of the Federal emergency price control act but wholly separate and apart from the statutory remedy. The contention seems to be, in substance, that money was paid to defendant by plaintiff under an illegal contract, and that plaintiff is entitled to recover such money under the common counts to which the declaration in the case made reference. There is, however, no claim that fraud was practiced on the plaintiff or duress exerted against him. Neither does he assert that he was not informed as to the rent charged and collected for the premises on April 1, 1941, the maximum rent date. Obviously he was aware of the exact situation, as the averments of the declaration clearly show. Under the circumstances he is not entitled to maintain an action to recover on the theory of payments made under an illegal contract.

In *Mancourt-Winters Coal Co.* v. *Ohio & Michigan Coal Co.*, 217 Mich. 449, it appears that the parties entered into a contract for the sale and delivery of coal before the passage of the Lever act (40 U. S. Stat. at L. chap. 53, p. 276), which measure authorized the president to fix the price of coal. Subsequently the price was increased over and above the

amount fixed by presidential order in accordance with the statute. Defendant, when sued for the price of coal delivered, undertook to set off alleged illegal payments under the modified arrangement, the suit being based on the original contract. It was held that both parties were *in pari delicto.* In reaching such conclusion, the court quoted with approval from *Benson* v. *Bawden,* 149 Mich. 584 (13 L. R. A. [N. S.] 721), as follows:

"It is well settled that the law will not aid either party to an illegal agreement. It leaves the parties where it finds them. Neither a court of law or equity will aid the one in enforcing it, or give damages for the breach of it, or set it aside at the suit of the other, or, when the agreement has been executed in whole or in part by the payment of money or the transfer of other property, lend its aid to recover it back."

Of like import are *Groves* v. *Jones,* 252 Mich. 446; *Turner* v. *Schmidt Brewing Co.,* 278 Mich. 464; 17 C. J. S. p. 660, § 272.

Counsel for plaintiff has called attention in his brief to *Kearse* v. *Hornell Construction Co.,* 183 Misc. 78 (49 N. Y. Supp. [2d] 892). There, however, the court said in effect that the parties were not *in pari delicto,* and that plaintiff had made the payments he sought to recover under "business duress." Recovery was permitted on that ground. Similarly in *Edsil Trading Corporation* v. *John Minder & Sons, Inc.,* 297 N. Y. 313 (79 N. E. [2d] 262), where plaintiff claimed an agreement under which the defendant was to refund all money paid over and above the ceiling price, it was held that plaintiff was entitled to go to trial on the basis of that claim. In *Compania Importadora Materiales Industriales Y De Construccion Sociedad De Responsabilidad Limitada* v. *Caldwell & Co., Inc.,* 185 Misc. 902 (58 N. Y. Supp. [2d] 745), plaintiff contended that he

was unaware that the price paid by him exceeded the ceiling price for the commodity fixed under the emergency price control act of 1942. The court denied a motion to dismiss, holding, in substance, that plaintiff was entitled to try the issue although the purchase was made in the course of business. It was pointed out that, if his contention was true, he had not wilfully violated the act and, hence, was not *in pari delicto* with the defendant. Likewise in *Tuskegee Homes Co.* v. *Oswalt,* 248 Ala. 64 (26 South. [2d] 865), plaintiff claimed fraud and misrepresentation, and also ignorance that the prices it had paid defendant were actually in excess of the maximum prices fixed under the Federal act. In all of the cases cited, and in others of similar character, questions were involved which served to differentiate them from the case at bar. As before noted, plaintiff does not contend that he was defrauded, that he acted under duress, or that he was ignorant of the true facts with reference to the legal maximum rental of the premises. The conclusion follows that plaintiff and defendant were *in pari delicto,* and in consequence plaintiff cannot recover on the theory of a common-law right of action.

The trial court reached the correct result, and the judgment rendered is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.