[Civ. No. 8397.   Third Dist.   Sept. 30, 1954.]

L. T. WILLIG, Respondent, v. JOHN D. BRETHAUER, Appellant.

Hauerken, St. Clair & Viadro and John B. Brethauer for Appellant.

Howard G. Crawford for Respondent.

VAN DYKE, P. J.—This is an appeal from the judgment in an action to recover damages for breach of an implied warranty that a bull purchased by respondent from appellant was fit for the particular purpose for which it was purchased, that is, for service as a herd sire. The record is clear that respondent purchased the 21 months' old bull for this purpose and that appellant, through his managing agent, was so informed. Appellant was engaged in the business of raising and selling purebred Hereford cattle, including as a part of that business the furnishing and selling of herd sires. Respondent took the bull and after a short period of isolation attempted to use him as a herd sire. Over the period of a month or two more than thirty heifers were brought to the bull. It was apparent from the outset that he was indifferent to the point where a normal amount of service could not be obtained from him and respondent informed appellant's ranch manager that the bull was apparently not fit as a breeder. The bull was returned to the seller's ranch and there efforts were made by the manager to bring the bull into condition to breed. Veterinaries, on examining the animal, found certain infections of the genital parts which they thought was the reason why the animal refused to serve. They also gave it as their opinion that the

condition originated in traumatic injury when the animal had attempted service. On this point, however, the inferences that could be drawn from the testimony concerning the whole history of the effort to use the bull for breeding purposes were such that the trial court was justified in drawing the conclusion that the animal was temperamentally and physiologically unfit for the purpose of serving as a herd sire. Thus it was shown that months before the infected condition was discovered, and long before, according to the veterinaries, the condition had probably originated, the animal had failed to perform any considerable amount of service so as to qualify for the purpose for which he had been purchased. When the handling by the ranch manager did not improve the animal, respondent refused to receive it back, demanded the return of the purchase price of $1,200, and upon appellant's refusal to repay, brought suit.

Without specifically referring to the code section on implied warranties of quality (see Civ. Code, § 1735) the respondent pleaded in general that he had purchased the animal for the express and only purpose of serving as a herd sire; that at the sale respondent had warranted the animal to be fit for such purpose and that this warranty had been breached. Appellant now contends, first, that there was no warranty of fitness, and, second, that if such warranty existed there was no breach thereof.

There was no express warranty given respondent when he bought the animal, but section 1735 of the Civil Code provides that there is a warranty of quality or fitness for a particular purpose where goods are supplied under a sale where the buyer expressly or by implication makes known to the seller the particular purpose for which the goods are required and it appears that the buyer relies on the seller's skill or judgment; and further that such implied warranty of fitness for a particular purpose may be annexed by the usage of the trade. We think that the judgment appealed from can be supported on either or both of the code provisions.

In a majority of jurisdictions, where the buyer relies upon the knowledge of the seller who knows the buyer's purpose, there is an implied warranty that livestock is fit for breeding purposes. We quote from the Annotation to *Moeckel* v. *Diesenroth,* 253 Mich. 284 [235 N.W. 157, 74 A.L.R. 116, 119] :

"It is a general rule, both at common law and under the provisions of the Uniform Sales Act, that where the buyer of an article or chattel makes known to the seller the purpose for which he desires it, and in making the purchase the buyer relies upon the superior skill or knowledge of the seller, there is implied a warranty that the article or chattel shall be reasonably fit for the indicated purpose. This rule applies to the sale of an animal for breeding purposes. A sale of an animal for such purpose raises an implied warranty that the animal is fit for this purpose."

Numerous cases are cited in support of the quoted statement, although none apparently has been found among California decisions. However, our code provisions are specific on the subject and thereunder an implied warranty does arise when the conditions required by the code provisions have been met. ▪ We think those conditions were met and that this is shown by the evidence given. True, no one testified that there was any express statement of a warranty of fitness. Nevertheless, appellant was engaged in the business of furnishing herd sires for the propagation of purebred Hereford cattle. He knew that respondent wanted an animal solely for that purpose. The evidence does not show that the sale of this animal was made under any reservations as to his fitness based either upon knowledge or the lack of it. The price paid was entirely disproportionate to the value of the animal if he was not so qualified. As aptly remarked by the trial court, to deny the existence of an implied warranty when this sale was made would result in unfair dealing. But appellant says there was no reliance upon the skill or knowledge of the seller and in support of this contention points to testimony that respondent and his herd manager went to appellant's ranch to view the animals he had on sale as herd sires, examined a number of them, and, as respondent himself testified, selected one from the number examined. But of course it is not likely, and was not proven, that a visual examination of the animal could have detected any existing unfitness, unless the visual physical attributes of the animal might have given warning. Such was not the case here, however. The fact that the animal was inspected before purchase and that respondent testified he had selected the bull from among several examined affords no reason to say that the trial court could not still infer that respondent relied upon the seller to deliver to him a fit and qualified animal. Equally, the court could infer that the appellant, by reason of the business in which he was engaged, be-

cause he had purchased this animal from a herd in Arizona for the purpose of developing and selling the animal as a herd sire, and because he had had the animal for a considerable time, did have in respect of this animal superior knowledge as to his fitness for the purpose for which he was sold. The marked indifference which the animal displayed when attempts were made to use him for breeding might well have been detected before he was sold. There was no evidence one way or another upon this latter matter and we merely suggest this as showing that it is not unfair to charge a seller under these circumstances with sufficient superior knowledge so that the code provisions on implied warranty requiring such knowledge are met.

There was testimony in the record from which the court could have found that an implied warranty arose under the code provision declaring that such a warranty may be annexed by the usage of trade. While appellant's ranch manager was testifying concerning his taking the animal back to appellant's ranch after respondent had complained that the bull would not serve, he said: "Naturally we wanted to see what was wrong and in this business the cattle are guaranteed. . . . We wanted to make him good. . . . You can't sell a bull that isn't any good, if he wasn't any good Mr. Willig should have his money refunded, after all he did purchase him in good faith for a herd bull." The proof of an implied warranty arising under any of the Civil Code provisions was open to respondent under the pleadings and the court's findings are supported by the foregoing testimony. The court found generally "That the said defendant . . . at the time of said sale . . . warranted to the plaintiff . . . that the said bull was a sound, healthy bull, perfect in all his parts, and that he was a good breeder. . . ."

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.